IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIANA SABRA
by and through her natural mother and
father, Jessica Waechter and Karim
Sabra, et al.,

   Plaintiffs,

    v.

JOHN L. ISKANDER, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-1204-TWT

ORDER

This is a personal injury case. It is before the Court on the Defendants' Motion to Dismiss [Doc. 2]. For the reasons set forth below, the Defendants' motion is GRANTED.

I. Background

The Plaintiffs contend that the Defendant Iskander was negligent renting a house to them where they were exposed to lead-based paint. In April 2007, Karim Sabra and Jessica Waechter agreed in writing to rent a house in Atlanta, Georgia, from John Iskander. Among other things, the lease agreement provided that the lease period began on July 1, 2007, and that the exterior of the house would be painted

before July 1, 2007. (Amended Complaint ¶ 11.) Sometime before July 2007, Mr. Iskander allegedly hired "day-laborers" to repaint the exterior of the house and to replace glass window panes. (Id. ¶ 12.) In July 2007, Mr. Sabra, Ms. Waechter, and their sixteen-month-old daughter Kiana Sabra moved into the house.

Within a few months, there was a problem. In October 2007, a routine allergy test revealed that there were elevated levels of lead in Kiana's body. (Id. ¶ 17.) Mr. Sabra and Ms. Waechter then hired an inspector from Life Environmental Services, Inc., to perform a lead-based paint risk assessment of the property. (Id. ¶ 19.) In December 2007, the inspector concluded that the property "was unsafe, in its then current state, for occupancy by a small child." (Id. ¶ 21.) After receiving the inspector's conclusion, Mr. Sabra and Ms. Waechter immediately left the house and found other housing. (Id. ¶ 21.) They told Mr. Iskander about the allergy test and risk assessment and asked to terminate the lease agreement. (Id. ¶ 23.) Mr. Iskander agreed to terminate the lease, return their security deposit, and prorate the rent for December 2007. (Id. ¶ 24.) By the end of December 2007, Mr. Sabra and Ms. Waechter completely removed their belongings from the house, but Mr. Iskander allegedly told them that he was not going to return their security deposit. (Id. ¶ 31.)

This lawsuit followed. In March 2008, Mr. Sabra and Ms. Waechter, individually and on behalf of Kiana, filed suit against Mr. Iskander and Sandra

Campbell.[1] In their original complaint, the Plaintiffs asserted claims for negligence, negligent hiring, negligent supervision, reckless/negligent misrepresentation, failure to provide lead-based paint disclosure pamphlet, and breach of implied warranty of fitness for a particular purpose and implied warranty of habitability. (Complaint.) But the parties agreed to the dismissal without prejudice of Plaintiffs' claim for breach of implied warranty of fitness for a particular purpose. [Doc. 25]. The Plaintiffs also amended their original complaint to add claims for breach of contract and failure to return security deposit. [Doc. 28].

With those changes, the Plaintiffs now present claims for negligence, negligent hiring, negligent supervision, reckless/negligent misrepresentation, failure to provide lead-based paint disclosure pamphlet, breach of implied warranty of habitability, breach of contract, and failure to return security deposit. (Amended Complaint.) The Defendants move to dismiss "claims relating to alleged exposure to lead-based paint" and "claims brought on behalf of Kiana Sabra under the Residential Lead-Based Paint Hazard Reduction Act." (Defs.' Mot. to Dismiss ¶¶ 4-5.)

---

[1] Sandra Campbell is a co-owner of the house. But, because she was not a party to the lease agreement, the parties consented to the dismissal without prejudice of Defendant Sandra Campbell. [Doc. 25].

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a plausible claim for relief. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is improbable that a plaintiff would be able to prove those facts, and even if the possibility of recovery is extremely remote and unlikely. Twombly, 127 S. Ct. at 1965. In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

## III. Discussion

### A. Exposure to Lead-Based Paint

The Defendants move to dismiss claims relating to alleged exposure to lead-based paint. Under Georgia law, the general rule is that a plaintiff must prove physical injury or damage to property in order to recover in tort. See Pickren v. Pickren, 265 Ga. App. 295 (2004). In cases involving exposure to toxic substances, physical injury means evidence of "actual disease, pain, or impairment of some kind." Boyd v. Orkin Exterminating Co., 191 Ga. App. 38 (1989). In Boyd, the plaintiffs sued a pest control company for negligently applying insecticide in their home, which resulted in exposure of their family to toxic substances. At trial, the plaintiffs presented tests that showed elevated levels of insecticide in their children's blood. They also presented medical testimony that their children would require periodic monitoring in the future to check for health problems. Despite this evidence, the trial court granted a directed verdict in favor of the defendants and the court in Boyd affirmed. The Court of Appeals held that, in the absence of any indication that the exposure to insecticide had caused "actual disease, pain, or impairment of some kind, this testimony must be considered insufficient to support an award of actual damages in any amount." Id. at 40.

Because the Plaintiffs do not allege any physical injuries relating to exposure to lead-based paint, they fail to state a plausible claim for relief under Georgia tort law. The Plaintiffs try to distinguish Boyd by saying that "an inference can and should be drawn that the lead exposure has resulted in actual physical injury to Kiana." (Pls.' Response to Defs.' Mot. to Dismiss, at 7.) But such inference is not supported by any of the Plaintiffs' allegations. See Twombly, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level.") While Kiana Sabra "was discovered to have high levels of lead in her body using both blood and hair analysis," there is no allegation that she suffered any actual disease, pain, or impairment because of her exposure. Lead poisoning is certainly considered a serious health risk, but "in Georgia, the more persuasive position is that an allegation of subclinical damage does not satisfy Boyd's requirement of an actual 'disease' or 'impairment,' even if it is a predictor of future disease." Parker v. Wellman, 230 Fed. Appx. 878, 883 n.3 (11th Cir. 2007) (unpublished) (emphasis added). The Plaintiffs do not allege any physical injuries relating to exposure to lead-based paint and, therefore, the Defendants are entitled to dismissal of the Plaintiffs' claims for negligence, negligent hiring, and negligent supervision.[2] However, because

---

[2]Although reckless/negligent misrepresentation is also a claim under Georgia tort law, none of the arguments or cases cited by the Defendants assume a misrepresentation claim. Under Georgia law, "negligent misrepresentation [is] an

the Plaintiffs say that they can provide "specific allegations of physical injury," they have leave to file an amended complaint within thirty days of this order.

      B.  <u>The Residential Lead-Based Paint Hazard Reduction Act</u>

The Defendants also move to dismiss claims brought on behalf of Kiana Sabra under the Residential Lead-Based Paint Hazard Reduction Act (RLPHRA). Congress enacted the RLPHRA, among other reasons, "to educate the public concerning the hazards and sources of lead-based paint poisoning and steps to reduce and eliminate such hazards." 42 U.S.C. § 4851a(7). To accomplish this purpose, the RLPHRA requires that "before the <u>purchaser or lessee</u> is obligated under any contract to purchase or lease [target housing], the sellor or lessor shall provide the <u>purchaser or lessee</u> with a lead hazard information pamphlet." 42 U.S.C. § 4852d(a)(1)(A) (emphasis added). There are penalties for violating the disclosure requirements of the RLPHRA, including civil liability. "Any person who knowingly violates the provisions of [section 4852d] shall be jointly and severally liable to the <u>purchaser or lessee</u> in an amount equal to 3 times the amount of damages incurred by such individual." 42 U.S.C. § 4852(d)(b)(3) (emphasis added).

---

exception to the Economic Loss Rule in tort cases." <u>United States Fid. & Guar. Co. v. Paul Assocs.</u>, 230 Ga. App. 243, 251 (1998).

Because Kiana Sabra is not a "purchaser or lessee," the Plaintiffs cannot present a claim on her behalf for civil liability under the RLPHRA. In interpreting statutory language, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992). Here, the clear language of the RLPHRA limits recovery to a purchaser or lessee. "Where a statute names the parties granted the right to invoke its provisions, such parties only may act." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 7 (2000) (internal quotation marks omitted). The structure of the RLPHRA also supports limiting recovery to a purchaser or lessee. "The civil liability provision in the RLPHRA is within the 'disclosure' section and as such, it is both logical and reasonable to read the civil liability [provision] to cover only purchasers or lessees who were deprived of the required notice . . . ." Gladysz v. Desmarais, 2003 WL 1343033, at *2 (D.N.H. 2003) (unpublished).

The Plaintiffs do not argue that Kiana Sabra is a purchaser or lessee. Instead, they say that the goal of the RLPHRA is to protect children from lead poisoning and so Congress "could not have intended to exclude the minor children of lessees from having standing to bring suit under this statute." (Pls.' Response to Defs.' Mot. to Dismiss, at 13.) Because the statutory language is clear and unambiguous, the Plaintiffs bear an "exceptionally heavy" burden of demonstrating that Congress

intended something different from what it said. Hartford Underwriters, 530 U.S. at 9. The Plaintiffs have not met this burden. "[I]t is clear . . . that the RLPHRA was enacted to protect children from the hazards of lead-based paint in residential housing. But, the [civil liability] provision is merely one method in an attempt to effectuate this goal, and does not conflict with the overarching purposes of the RLPHRA to protect children from lead poisoning." Mason v. Morrisette, 403 F.3d 28, 32 (1st Cir. 2005). Indeed, the civil liability provision is entirely "consistent with the purpose of the disclose provision--to provide the purchaser or lessee of target property with notice that there could be a lead-based paint hazard present in the subject premises." Id.

The Plaintiffs also "urge the Court to adopt the holding from McCormick v. Kissel, 458 F. Supp. 2d 944 (S.D. Ind. 2006)." In McCormick, the court held that "standing . . . exists because [the child of a lessee] falls within the zone of interests sought to be protected by Congress under RLPHRA." McCormick, 458 F. Supp. 2d at 948. But the reasoning in McCormick is not persuasive. "The question under the zone-of-interests test . . . is simply whether the language of the statutes invoked by the plaintiff or the supporting legislative history suggests a congressional intent to permit the plaintiff's suit." Federation for Am. Immigration Reform v. Reno, 93 F.3d 897, 902 (D.C. Cir. 1996); see also R.T. Vanderbilt Co. v. Occupational Safety & Health Review Comm., 708 F.2d 570, 576 (11th Cir. 1983). As discussed above, the text of

a statute is the best evidence of congressional intent and, here, the clear language of the RLPHRA limits recovery to a purchaser or lessee. The court in McCormick is correct that "[c]hildren's injuries from exposure to lead-based paint were the exact injuries that Congress intended to be abated by the passing of RLPHRA." Id. at 949. But that does not mean that Congress also intended to permit claims on behalf of the child of a lessee. Kiana Sabra is not a purchaser or lessee and, therefore, the Plaintiffs cannot present a claim on her behalf for civil liability under the RLPHRA. The Defendants are entitled to dismissal of claims brought on behalf of Kiana Sabra under the RLPHRA.

IV. Conclusion

For the reasons stated above, the Defendants' Motion to Dismiss [Doc. 2] is GRANTED. The Plaintiffs have leave to file an amended complaint within thirty days of this order. If no amended complaint is filed, the dismissal of these claims will be with prejudice.

SO ORDERED, this 10 day of November, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge